## (September 22, 1976)

◼ NATALIE FONFA, Respondent, v STANLEY FONFA, Appellant.—On the court's own motion, its decision and order, both dated June 28, 1976 (53 AD2d 682), are vacated and recalled, and the following substituted decision is rendered: In a separation action, defendant appeals from so much of an order of the Supreme Court, Queens County, dated July 23, 1975, as granted certain branches of plaintiff's motion by directing (1) the entry of a money judgment in plaintiff's favor for arrears in temporary alimony and counsel fees and (2) that defendant pay plaintiff's attorney a counsel fee in the amount of $500 for services rendered on the motion. Order reversed insofar as appealed from, without costs or disbursements, and the branches of the motion are denied. In our view, the action must be deemed abandoned and, hence, the motion for the entry of a money judgment for arrears in temporary alimony and counsel fees was improperly granted. The plaintiff commenced the action for separation in March, 1972 by the service of a summons without a verified complaint; at the same time she applied, by motion, for temporary alimony and counsel fees. On April 5, 1972 Special Term, by order, awarded plaintiff temporary alimony and a counsel fee. A series of motions then ensued seeking to have defendant punished for contempt in failing to comply with the order, or to have him committed as a result of the finding of contempt, the last culminating in the order appealed from. During all this time—between March, 1972 and May, 1975—no complaint was ever served by the plaintiff. Indeed, on May 15, 1975 plaintiff's motion for leave to serve a complaint was denied, with leave to renew, and upon renewal, was again denied, although entry of the order dismissing the complaint was stayed for a period of 10 days in order to afford plaintiff an opportunity to enter judgment for the arrears. Hence, at the time of the order appealed from—July 23, 1975—the action in effect was dead. The inordinate delay by the plaintiff in serving the complaint cannot be considered in any other light than abandonment. Once having been abandoned, the action could not be revived to support the entry of judgment (Carbulon v Carbulon, 293 NY 375; Polizotti v Polizotti, 305 NY 176; Ariel v Ariel, 6 AD2d 774; Wheelock v Wheelock, 3 AD2d 25, affd 4 NY2d 706). The abandonment of the action by the plaintiff is underscored by the denial of her motion for leave to serve a late complaint prior to the making of the order under review. Hopkins, Acting P. J., Martuscello and Shapiro, JJ., concur; Cohalan and Rabin, JJ., dissent and vote to affirm the order insofar as it is appealed from, with the following memorandum: In our opinion, the affidavits read on the present motion failed to raise any triable issues of fact requiring a hearing to resolve them (see Gibb v Gibb, 49 AD2d 786; cf. Salvati v Salvati, 37 AD2d 858). However, we note in passing that the instant motion was decided without prejudice to defendant's pending motion for relief pursuant to section 246 of the Domestic Relations Law, so that a favorable (to defendant) determination thereon has not been foreclosed.