■ JOSEPH TUCKER, Appellant, v HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION, LOCAL 100 OF NEW YORK AND VICINITY, AFL-CIO, et al., Respondents.—In an action to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated May 8, 1986, which denied his motion to restore this action to the Trial Calendar.

Ordered that the appeal from so much of the order as affects the defendant Frank Pries is dismissed, without costs or disbursements, as that defendant died before the bringing of the plaintiff's motion and the order is void as to him; and it is further,

Ordered that the order is otherwise affirmed, without costs or disbursements.

This matter was marked off the Trial Calendar on June 20, 1983, and the plaintiff did not move to restore it until December 1985, 2½ years later.

CPLR 3404 provides that a case stricken from the calendar and not restored within one year thereafter shall be deemed abandoned and shall be dismissed for neglect to prosecute. Restoration, after the expiration of one year, is within the court's discretion. However, the plaintiff must first establish

the merit of his claim, a lack of prejudice to the defendants, lack of intent to deliberately default or abandon the action and a reasonable excuse for his delay *(see, Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

We find that plaintiff failed to sustain his burden. Here, the defendants would suffer substantial prejudice as the defendant Frank Pries died just prior to the bringing of the plaintiff's motion. That defendant was, concededly, a crucial witness, as the plaintiff alleges he was an integral member of the negotiations and conversations which form the basis of the plaintiff's claim of a breach of an oral employment contract. In addition, the defendants contend that the whereabouts of two nonparty defense witnesses are presently unknown.

Further, an insufficient showing was made to excuse the plaintiff's failure to proceed expeditiously. The sending of three letters inquiring as to the availability of the defendant Frank Pries for a deposition does not establish a reasonable excuse for the plaintiff's lengthy delay in moving to restore the action to the Trial Calendar *(cf., Rutger Fabrics Corp. v United States Laminating Corp.,* 111 AD2d 40). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.