■ CHARLES L. GRAY, Respondent, v SANDOZ PHARMACEUTICALS, DIVISION OF SANDOZ, INC., et al., Appellants, et al., Defendant. NINA WOODROW, as Administratrix of the Estate of MORRIS WOODROW, Deceased, Third-Party Defendant-Appellant.

This matter was originally marked off the Trial Calendar on May 24, 1983, because discovery had not been completed. The plaintiff made two attempts to restore the case in May and August 1984. The first motion was denied because physical and psychiatric examinations of the plaintiff had still not been conducted. The second motion was denied with leave to renew upon the appointment of a personal representative of the recently deceased defendant Morris Woodrow. All activity in the action stopped on October 27, 1986, with this court's affirmance of the denial of the third-party defendant's motion to dismiss the third-party complaint *(see, Gray v Sandoz Pharms.,* 123 AD2d 829). On April 25, 1988, the action was dismissed pursuant to CPLR 3404 for failure to prosecute.

CPLR 3404 provides that a case stricken from the calendar and not restored within one year thereafter shall be deemed abandoned and shall be dismissed for neglect to prosecute. Restoration, after the expiration of one year, is within the court's discretion. However, the plaintiff must establish that the case has merit, that the adversaries have not been prejudiced by the delay, and that there is a reasonable excuse for the delay *(see, Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494; *Pirnak v Savino,* 96 AD2d 857; *Condurso v Thumsuden,* 84 AD2d 802).

We find that the plaintiff failed to sustain his burden. The appellants would suffer substantial prejudice since both of the

defendant doctors are now deceased and their testimony would have been crucial to the plaintiff's allegations of the negligent administration of a prescription drug. Moreover, many of the complained of acts occurred in the early 1970's and, thus, the memory of the remaining witnesses or any documentation may not be reliable.

Further, an insufficient showing was made to excuse the plaintiff's failure to proceed expeditiously. The prior appeal did not prevent the plaintiff from moving to restore the case to the Trial Calendar since that appeal merely dealt with the action for indemnification or contribution and had no direct relationship to the merits of the plaintiff's allegations. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.