■ ROBERT S. HEWITT, Respondent, v BOOTH MEMORIAL MEDICAL CENTER et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants separately appeal from an order of the Supreme Court, Queens County (Katz, J.), dated April 27, 1990, which granted the plaintiff's motion, *inter alia,* to restore the case to the trial calendar.

Ordered that the order is reversed, with one bill of costs to the appellants appearing separately and filing separate briefs, and the plaintiff's motion is denied.

Roberta R. Hewitt and her husband Robert S. Hewitt commenced the instant action in 1983, alleging that the defendants had committed medical malpractice by failing to diagnose promptly that Mrs. Hewitt was suffering from malignant lymphoma. Mrs. Hewitt died on February 14, 1986, and two years later, in April 1988 the case was marked off the trial calendar pending the appointment of a personal representative for Mrs. Hewitt's estate. On April 7, 1989, the action was automatically dismissed pursuant to CPLR 3404 for failure to restore the matter to the trial calendar within one year after it was marked off. Letters of administration appointing the surviving plaintiff administrator of his deceased wife's estate were not issued until October 1989. Thereafter, in March 1990 the surviving plaintiff moved to vacate the dismissal and to restore the case to the trial calendar, and the Supreme Court granted his motion.

On appeal, the defendants contend that the Supreme Court improvidently exercised its discretion in restoring this action to the trial calendar because the surviving plaintiff failed to rebut the presumption of abandonment which is created by CPLR 3404 when an action is marked off the trial calendar and is not restored within one year. We agree. A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the calendar *(see, Gray v Sandoz Pharms.,* 158 AD2d 583; *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890; *Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494). The surviving plaintiff has failed to meet this burden. This

action was marked off the trial calendar in April 1988 and the surviving plaintiff's intermittent efforts to obtain appointment as administrator of his late wife's estate were insufficient to excuse his failure to proceed expeditiously. In view of his lengthy delay in moving to restore this matter to the trial calendar, and that 10 years have passed since the commission of the alleged malpractice, we cannot conclude that the defendants would not be significantly prejudiced if the matter were restored *(see, Gray v Sandoz Pharms., supra; Tucker v Hotel Employees & Rest. Employees Union, supra).* Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.