■ JOSEPH HASSELT et al., Appellants, v ELLA L. ALLEN et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on July 17, 1990, which denied plaintiffs' motion to vacate a judgment issued pursuant to CPLR 3404, and to restore the action to the trial calendar, unanimously affirmed, without costs.

Plaintiffs failed to sustain their burden of showing a meritorious cause of action, a reasonable excuse for not restoring the action within one year after it was dismissed pursuant to CPLR 3404, lack of prejudice to the opposing party, and an intent not to abandon the action *(Pak Chong Mar v New York Infirmary-Beekan Downtown Hosp.,* 161 AD2d 373). The showing of merit consisted of nothing more than a bare and conclusory affidavit *(see, Romanoff v St. Vincent's Hosp. & Med. Center,* 97 AD2d 382) that merely repeated the allegations of the complaint *(see, Monacelli v Board of Educ.,* 92 AD2d 930). Concerning the excuse, it is not sufficient that pretrial proceedings are generally pending *(Harman v Gra-*

*bowetsky,* 21 AD2d 862, *appeal dismissed* 14 NY2d 957), or that another party failed to appear for deposition *(Hurley v Dougherty,* 56 AD2d 974, *lv dismissed* 42 NY2d 996). The delay has prejudiced defendants' ability to prepare their defense *(see, Rodriquez v Middle Atl. Auto Leasing,* 122 AD2d 720, *appeal dismissed* 69 NY2d 874), and plaintiffs failed to show at least "some activity" during the year before dismissal such as might have demonstrated that it was not their intent to abandon the action *(Curtin v Grand Union Co.,* 124 AD2d 918, 919).

We decline to review plaintiffs' argument that the failure to restore was due to law office failure *(see,* CPLR 2005), such being presented for the first time on appeal *(West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380, *lv denied* 65 NY2d 605). Were we to consider it, we would find it to be without merit *(see, De Vito v Marine Midland Bank,* 100 AD2d 530).

Finally, relief pursuant to CPLR 5015 (a) (1) on the ground of excusable default is not available to plaintiffs, since a motion for that relief must be made within one year after service of a copy of the judgment with written notice of entry. Even if the motion were timely, such relief is addressed to the sound discretion of the court, and depends on the same factors —the merit of the action, the extent of the delay, the excuse for the delay, prejudice to the opposing party, and lack of intent to abandon the action *(I.J. Handa, P. C. v Imperato,* 159 AD2d 484)—that were considered and found wanting. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.