■ Louis Civello, Sr., et al., Appellants, v Irving Grossman, Respondent. [596 NYS2d 464] —In an action to recover damages for personal injuries arising from assault and battery, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated February 28, 1991, which denied their motion to restore this action to the trial calendar.

Ordered that the order is affirmed, with costs.

A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar *(see, Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401; *Gray v Sandoz Pharms.,* 158 AD2d 583; *Tucker v Hotel Empls. & Rest. Empls. Union,* 134 AD2d 494).* Upon our review of the record, we find that the plaintiffs failed to meet this burden. Although the illness of an attorney may constitute a reasonable excuse for a default *(see, Chery v Anthony,* 156 AD2d 414), here the plaintiffs' claim that their attorney suffered a heart attack at some unspecified point in the litigation is insufficient to justify a delay of approximately two and one-half years in moving to restore the action to the trial calendar. Moreover, in view of the lengthy delay in moving to restore, and the fact that more than ten years have passed since the commission of the alleged assault and battery upon the injured plaintiff, we cannot conclude that the defendant would not be significantly prejudiced if the matter were to be restored to the trial calendar *(see, Hewitt v Booth Mem. Med. Ctr., supra).* Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.