■ RAJKO KOPILAS et al., Respondents, v BESS PETERSON, as Executrix of BUFORD PETERSON, Deceased, Appellant. [614 NYS2d 562] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the

Supreme Court, Queens County (Lane, J.), dated January 7, 1993, which granted the plaintiffs' motion to restore the case to the calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is denied.

Preliminarily, we note that the plaintiffs have failed to demonstrate that the defendants did not comply with the time limitation set forth in CPLR 5513 (a) regarding the filing of a notice of appeal.

Turning to the merits, it is well-settled that "[a] party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (Civello v Grossman, 192 AD2d 636; see also, Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401; Gray v Sandoz Pharms., 158 AD2d 583; Hillegass v Duffy, 148 AD2d 677; Denver v American Home Prods. Corp., 138 AD2d 670; O'Dell v Stornelli, 98 AD2d 957). In the case at bar, the plaintiffs have met none of these criteria.

At the time this matter was marked off the calendar, the parties' attorneys entered into a stipulation to restore the case to the calendar on consent. Thereafter, however, there ensued a 17-month period, with no activity whatsoever regarding the case, before the plaintiffs' attorney contacted the defendants' attorney to request that he sign a stipulation to restore. The plaintiffs have offered no adequate excuse for this delay. Although the agreement to restore on consent is some indication that the plaintiffs did not intend to abandon the action, the agreement alone is an insufficient ground upon which to predicate restoration, especially since there was no activity in the case during the period it was off the calendar (see, Bergan v Home for Incurables, 124 AD2d 517, 518; Escobar v Deepdale Gen. Hosp., 172 AD2d 486). Accordingly, the plaintiffs have failed to rebut the presumption of abandonment which attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (see, Escobar v Deepdale Gen. Hosp., supra, at 486).

Moreover, the plaintiffs failed to submit an affidavit of merit demonstrating a meritorious cause of action in support of the motion to restore (see, Terranova v Gallagher Truck Ctr., 121 AD2d 621). Nor have the plaintiffs shown that the defendants will not be prejudiced by the restoration of this matter to the

trial calendar *(see, Civello v Grossman, supra,* at 636; *Hewitt v Booth Mem. Med. Ctr., supra,* at 401). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to restore. Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.