■ DONNA LEE, Respondent, v ANTONIA CHION, Appellant. [623 NYS2d 927] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated September 10, 1993, which denied her motion to dismiss the complaint and granted the plaintiff's cross motion to vacate her default pursuant to CPLR 3404 and to restore the action to the trial calendar on condition that the plaintiff pay the defendant $500 in sanctions.

Ordered that the order is modified, by deleting the provision thereof which granted the plaintiff's cross motion to vacate her default and restore the action to the trial calendar on condition that she pay the defendant $500 in sanctions and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County,

for the entry of a judgment dismissing the complaint pursuant to CPLR 3404.

This action arises from a two-car automobile accident that occurred in April 1984. In October 1985 the case was stricken from the calendar upon an unopposed motion by the defendant on the ground that discovery was not completed. The plaintiff did not move to vacate her default and restore the action to the calendar until May 1993, shortly after the defendant moved to dismiss the complaint on the grounds, among other things, of abandonment and failure to prosecute.

The court granted the plaintiff's cross motion on the condition that she pay the defendant $500 in sanctions. We find that the court improvidently exercised its discretion in granting the plaintiff's cross motion.

"A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (Civello v Grossman, 192 AD2d 636). The plaintiff failed to meet this burden. Much of the delay in this case was due directly to the plaintiff's failure to complete her examination before trial or appear for a medical examination. Moreover, in view of the plaintiff's lengthy delay in moving to vacate her default and restore this case to the trial calendar, and that over ten years have passed since the accident, we cannot conclude that the defendant would not be significantly prejudiced if the matter were restored (see, Civello v Grossman, supra; Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401). The defendant's motion to dismiss the complaint was unnecessary since an action that is not restored within one year of the date on which it is marked off the calendar is dismissed automatically (see, Rosser v Scacalossi, 140 AD2d 318). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment dismissing the action pursuant to CPLR 3404. Bracken, J. P., Rosenblatt and Krausman, JJ., concur.

Lawrence, J., dissents and votes to affirm the order appealed from in the following memorandum with which Goldstein, J. concurs: Upon my review of the record, I cannot agree with my colleagues' conclusion that the Supreme Court improvidently exercised its discretion in denying the defendant's motion to dismiss the complaint and conditionally granting the plaintiff's cross motion to vacate her default and restore

the action to the calendar. Thus, I would affirm Justice Brucia's order, for the reasons stated therein.

I would further note that Justice Brucia has presided over this matter since 1986, and is, therefore, much more familiar with the procedural and factual history of this litigation than this Court. His exercise of discretion should be given due deference by this Court, and, under the circumstances of this case, should not be disturbed (see, Rutger Fabrics Corp. v United States Laminating Corp., 111 AD2d 40; see also, Gray v Sandoz Pharms., 158 AD2d 583; Tucker v Hotel Empls. & Rest. Empls. Union, 134 AD2d 494).