■ JOHN YACONO, Respondent, v WATERMAN STEAMSHIP CO., INC., Defendant, and BUCK KREIGHS CO., INC., Appellants. [628 NYS2d 571] —In an action to recover damages for personal injuries, the defendant Buck Kreighs Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 10, 1994, as granted the branch of the plaintiff's motion which was to restore the action to the court's calendar insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the plaintiff's motion which is to restore the action to the court's calendar insofar as it is asserted against the defendant Buck Kreights Co., Inc., is denied, and the action against the remaining defendant is severed.

It is well settled that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the absence of prejudice to the nonmoving party *(see, Kopilas v Peterson,* 206 AD2d 460; *Knight v City of New York,* 193 AD2d 720). The plaintiff in this case has failed to establish all of these criteria. Thus, the branch of the plaintiff's motion which was to restore the action to the trial calendar insofar as it is asserted against the appellant is denied *(see, Kopilas v Peterson, supra; Knight v City of New York, supra).* Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.