JIMCO RESTORATION CORP., Respondent, v MORRIS MILLER et al., Appellants. [645 NYS2d 54]

During the period 1985-1986 the plaintiff performed work in certain construction trades for the defendants. Thereafter, a dispute arose as to the amount the plaintiff was owed for the work it had performed, and over the quality of such work. Eventually, in 1988 the plaintiff commenced this action seeking money it was allegedly owed under the terms of an oral contract. In 1990 the plaintiff moved for summary judgment on its complaint. That motion was determined by a memorandum decision dated January 3, 1991. While the decision directed that an order be settled thereon, it appears that no such order was ever signed. Thereafter, on August 4, 1992, this matter was marked off the calendar for the failure of all parties to appear for a court conference. A year later, the matter was automatically dismissed pursuant to CPLR 3404.

In March 1995 the plaintiff moved to restore this matter to the trial calendar. In support, the plaintiff annexed an affidavit of its principal, as well as various documents purporting to support its contentions. The defendants opposed the motion contending that the plaintiff had failed to rebut the presumption of abandonment, failed to present a reasonable excuse for its delay, and failed to show a meritorious cause of action. The Supreme Court granted the motion and restored the matter to the trial calendar. We find that the Supreme Court's determination was an improvident exercise of discretion and therefore reverse.

A party seeking to restore a case to a trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate, inter alia, the absence of an intent to abandon the matter and a reasonable excuse for its delay (see, Yacono v Waterman S. S. Co., 216 AD2d 556; Kopilas v Peterson, 206 AD2d 460; Civello v Grossman, 192 AD2d 636). In the matter at bar, the record shows that no action was taken by the plaintiff in this matter from the date that the matter was dismissed by operation of law pursuant to CPLR 3404 until it moved to restore this matter to the calendar in 1995. Moreover, the plaintiff's bare assertions that its counsel was unable to properly follow up on this matter, together with its failure to offer any proof that it was unable to search for a new counsel because of illness in the family of one of its principals, are an insufficient basis upon which to permit a court to find that there was no intent on the part of the plaintiff to abandon this matter, or to show an excusable default. It was therefore an improvident exercise of discretion to restore this matter to the calendar.

In light of our determination we need not reach the parties' remaining contentions. O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.