■ MIAN K. HABIB et al., Respondents, v MORRIS MILLER et al., Appellants. [650 NYS2d 285] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated August 23, 1995, which granted the plaintiffs' motion to restore the action to the trial calendar.

Ordered that the order is reversed, as a matter of discretion,

with costs, and the motion to restore the action to the trial calendar is denied.

A party seeking to restore a case to a trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate, among other things, the absence of an intent to abandon the matter and a reasonable excuse for its delay *(see, Yacono v Waterman S. S. Co.,* 216 AD2d 556; *Kopilas v Peterson,* 206 AD2d 460; *Civello v Grossman,* 192 AD2d 636). No action was taken by the plaintiffs in this case from the date that the case was dismissed by operation of law pursuant to CPLR 3404 in February 1992 until they moved to restore the case to the calendar in March 1995. Moreover, the plaintiffs' bare assertion that their counsel was unable to properly follow up on this case, together with their failure to offer any proof that they were unable to search for a new counsel because of illness in the family of one of their principals, are insufficient bases upon which to permit a court to find that there was no intent on the part of the plaintiffs to abandon this matter, or to show an excusable default. It was therefore an improvident exercise of discretion to restore this matter to the calendar *(see, JIMCO Restoration Corp. v Miller,* 228 AD2d 649). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.