■ KATHLEEN SWEDISH, Appellant, v PATRICIA BOURIE et al., Respondents. [650 NYS2d 765] —In an action, *inter alia,* to impose a constructive trust upon an interest in a condominium, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 19, 1994, which denied her motion to vacate her default in appearing for trial and to restore the matter to the calendar, and granted the defendants' motion to dismiss the complaint for failure to prosecute, (2) from a judgment of the same court entered January 17, 1995, which dismissed the complaint, and (3), as limited by her brief, from so much of an order of the same court, dated May 8, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 19, 1994, is dismissed; and it is further,

Ordered that the appeal from the judgment entered January 17, 1995, is dismissed, as that judgment was superseded by the order dated May 8, 1995, made upon reargument; and it is further,

Ordered that the order dated May 8, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order made upon reargument (CPLR 5501 [a] [1]).

" 'A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar' " *(Lee v Chion,* 213 AD2d 602, 603; *Civello v Grossman,* 192 AD2d 636; *see also,* CPLR 5015; *Arred Enters. Corp. v Indemnity Ins. Co.,* 108 AD2d 624). The plaintiff failed to meet her burden under either CPLR 3404 or 5015.

The plaintiff's showing of merit consisted of nothing more than a bare and conclusory affidavit *(see, Hasselt v Allen,* 178 AD2d 266; *Romanoff v St. Vincent's Hosp. & Med. Ctr.,* 97 AD2d 382),* that merely reiterated the allegations of the complaint *(see, Hasselt v Allen, supra).* Further, the excuse offered by the plaintiff for her delay, law office failure, without supporting facts to explain and justify the default, is insufficient to establish an excusable default *(see, American Sigol Corp. v Zicherman,* 166 AD2d 628, 629). Moreover, in view of the plaintiff's lengthy delay in moving to restore this matter to the trial calendar, and the fact that 10 years have passed since the commission of the conduct of which she complains, the defendants would be significantly prejudiced if the matter were restored *(see, Lee v Chion, supra; Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401).* Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.