■ RITA PRADO et al., Respondents, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., et al., Appellants, et al., Defendant. [655 NYS2d 58] —In an action to recover damages for medical malpractice, etc., the defendants Catholic Medical Center of Brooklyn and Queens, Inc., St. John's Queens Hospital, Dr. B. Younus, Dr. Kenel Pierre, Dr. DeSlate, and Dr. Sekar appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 24, 1996, as granted those branches of the plaintiffs' motion which were to restore the action as to those defendants to the trial calendar.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants, and those branches of the plaintiffs' motion which were to restore the action against the appellants to the trial calendar is denied.

It is well settled that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the absence of prejudice to the nonmoving party (*see, Yacono v Waterman S. S. Co.,* 216 AD2d 556; *Kopilas v Peterson,* 206 AD2d 460). The plaintiffs in this case have failed to meet this burden.

Counsel's assertion that the approximately 16-month delay in moving to restore the case to the trial calendar occurred because she was in the midst of settlement negotiations is an insufficient excuse for delay in the prosecution of an action (*see, Brady v Mastrianni, Abbuhl & Murphy,* 187 AD2d 858; *Franck v CNY Anesthesia Group,* 175 AD2d 605; *Leone v Bates Plan-A-Home,* 144 AD2d 759). Furthermore, in view of the fact that more than 13 years have passed since the commission of the alleged medical malpractice, we can conclude that the appellants would be significantly prejudiced if the matter were to be restored to the trial calendar (*see, Civello v Grossman,* 192 AD2d 636; *Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.