■ GEORGE KOURTSOUNIS, JR., an Infant by His Father and Natural Guardian, GEORGE KOURTSOUNIS, et al., Respondents, v DEBABRATA CHAKRABARTY et al., Appellants. [679 NYS2d 84] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated January 16, 1998, which granted the plaintiffs' motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the complaint is dismissed.

The defendants allegedly committed obstetrical malpractice on April 23, 1977. Allegedly, their negligence resulted in the infant plaintiff's being born with brain damage, cerebral palsy, and other disabilities. The instant action was commenced in 1986, discovery was complete by the end of 1989, and a note of issue was filed in October 1991. Because the plaintiff's counsel was unprepared, the case was marked off the calendar three times, the last occasion being on June 4, 1996. In July 1997 the case was dismissed because more than a year had elapsed since the case had been marked off the calendar and the plaintiffs had failed to move to restore the matter to the trial calendar (see, CPLR 3404). In October 1997 the plaintiffs moved to restore the action to the trial calendar, and the court granted their motion. We now reverse.

It is well established that a party wishing to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 may have the action reinstated upon a demonstration of four essential factors, (1) the case has merit, (2) there is a reasonable excuse for the delay, (3) there was no intent to abandon the matter, and (4) there is no prejudice to the nonmoving party (see, e.g., Prado v Catholic Med. Ctr., 237 AD2d 341; Swedish v Bourie, 233 AD2d 495; Carter v City of New York, 231 AD2d 485; Knight v City of New York, 193 AD2d 720; Civello v Grossman, 192 AD2d 636). Under the circumstances presented here, the defendants are prejudiced by the fact that more than 21 years have elapsed since the commission of the alleged medical malpractice. Moreover, the matter was marked off the calendar three times due to the unpreparedness of the plaintiffs' counsel (cf., General Staple Co. v Amtronics, Inc., 81 AD2d 877), and the plaintiffs' excuse on this occasion—that the Nassau Attorneys Service inexplicably failed to restore the matter to the calendar when told to do so—in fact, amounts to nothing more than law office failure (see, e.g., Swedish v Bourie, supra; Diamond v J.B.J. Mgt. Co., 220 AD2d 378; Robinson v New York City Tr. Auth., 203 AD2d 351). Finally, the plaintiffs may not invoke settlement discussions, which the defendants claim never occurred, as an "excuse for delay in the prosecution of an action", particularly in the context of a case that is as ancient as this one (Prado v Catholic Med. Ctr., supra, at 341). O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.