◼ EMMANUEL MOSES, Respondent, v WILMAUD REALTY CORP., Appellant, et al., Defendants. [692 NYS2d 456] —In an action to recover damages for personal injuries, the defendant Wilmaud Realty Corp. appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated February 24, 1998, which granted the plaintiff's motion to vacate the automatic dismissal of the action and to restore the action to the trial calendar for a preliminary conference.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

This case was marked off the calendar on October 17, 1996, and automatically dismissed pursuant to CPLR 3404 on October 17, 1997. By notice of motion dated October 22, 1997, the plaintiff moved, *inter alia,* to restore the action to the trial calendar.

It is well settled that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party (*see, Yacono v Waterman S. S. Co.,* 216 AD2d 556; *Kopilas v Peterson,* 206 AD2d 460; *Civello v Grossman,* 192 AD2d 636).

The plaintiff failed to offer any excuse for his delay in moving to restore the case to the trial calendar. Furthermore, the plaintiff engaged in no activity regarding the case between the time he last responded to discovery requests in July 1996, and when he moved to restore the case to the calendar a year and three months later. Under these circumstances, the plaintiff failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504; *Roland v Napolitano,* 209 AD2d 501; *Bohlman v Lorenzen,* 208 AD2d 582).

Moreover, in view of the fact that eight years had passed between the occurrence of the accident that allegedly caused the plaintiff's injuries and the time that the plaintiff moved to

restore the case to the trial calendar, and that discovery had not yet been completed, the appellant would be significantly prejudiced if the matter were restored to the trial calendar (*see, Swedish v Bourie,* 233 AD2d 495; *Prado v Catholic Med. Ctr.,* 237 AD2d 341; *Carter v City of New York,* 231 AD2d 485; *Jeffs v Janessa, Inc., supra*). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.