CARL COLLINS et al., Appellants, v NABILA ELBADAWI et al., Respondents, et al., Defendant. [695 NYS2d 634] —Order unanimously reversed on the law without costs, motion granted, order vacated and action restored to trial calendar. Memorandum: Supreme Court improvidently exercised its discretion in denying plaintiffs' motion to vacate the order dismissing this action pursuant to CPLR 3404 and restore this action to the trial calendar. The case was marked off the

calendar on May 6, 1996 by consent of the parties. On May 23, 1997, plaintiffs' attorney received notice that the case was deemed abandoned and dismissed pursuant to CPLR 3404 because no one had moved to restore it within one year. CPLR 3404 was adopted for the purpose of getting rid of cases that are "actually dead" by striking them from the calendar and creates only "a presumption [of abandonment] rather than a fixed and immutable policy of dismissal" (*Marco v Sachs,* 10 NY2d 542, 550, *rearg denied* 11 NY2d 798). Thus, the statute was never intended to apply to a case where litigation in a cause was actually in progress (*see, Marco v Sachs, supra,* at 550). "To vacate a CPLR 3404 order of dismissal, plaintiff must rebut the presumption of abandonment and demonstrate excusable neglect, a meritorious claim and lack of prejudice to defendants" (*Christopher v Horton,* 105 AD2d 1119, citing *O'Dell v Stornelli,* 98 AD2d 957).

The court properly rejected many of the excuses proffered by plaintiffs, including delays occasioned by the appointment of a fiduciary of the estate (*see, Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401), alleged ongoing settlement negotiations (*see, Prado v Catholic Med. Ctr.,* 237 AD2d 341), and alleged uncertainty over who was representing defendants. The court, however, never expressly considered the claims that the delay was caused by the illness of plaintiffs' attorney. It is well established that the illness of an attorney may constitute a reasonable excuse for a default (*see, Civello v Grossman,* 192 AD2d 636; *Chery v Anthony,* 156 AD2d 414, 416). Here, plaintiffs' attorney set forth in detail the various health problems that delayed his moving to vacate the CPLR 3404 order of dismissal.

Plaintiffs also submitted expert proof of a meritorious cause of action. In addition, the record establishes that plaintiffs never intended to abandon their action (*see, Beaugene v Duo-Fast Corp.,* 206 AD2d 971) and that there was ongoing activity in this case, including a pending appeal. Thus, in the circumstances of this case, we conclude that the court's denial of plaintiffs' motion to be relieved from the order dismissing this action pursuant to CPLR 3404 was improvident (*see, Weiss v City of New York,* 247 AD2d 239). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Vacate Order.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.