■ James J. Collins, as Public Administrator of Queens County and as Administrator of the Estate of Shiv Koumar, Also Known as Shiv Kumar, Deceased, Respondent, v New York City Health and Hospitals Corporation, Appellant, et al., Defendant. [697 NYS2d 341] —In an action to recover damages for medical malpractice and wrongful death, the defendant New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 14, 1998, which granted the plaintiff's motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is dismissed.

In order to successfully move to restore to the trial calendar an action which has been dismissed pursuant to CPLR 3404, a plaintiff must establish (1) a meritorious cause of action, (2) a reasonable excuse for the delay in prosecuting the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendants (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504; *Civello v Grossman,* 192 AD2d 636). The moving party must satisfy all four components of the test before the dismissal can be vacated (*see, Fico v Health Ins. Plan,* 248 AD2d 432).

The plaintiff's allegation that his counsel's paralegal failed to move to restore the matter to the calendar when told to do so does not constitute a reasonable excuse for the approximately one year and eight-month delay in moving to restore (*see, Kourtsounis v Chakrabarty,* 254 AD2d 394; *Iorio v Galeon,* 230 AD2d 771; *Diamond v J.B.J. Mgt. Co.,* 220 AD2d 378; *Robinson v New York City Tr. Auth.,* 203 AD2d 351). Furthermore, in light of the plaintiff's inactivity regarding the case during that time, the plaintiff also failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504, *supra*; *Michael I. Weintraub, P. C. v Computer Rad,* 209 AD2d 405; *Bohlman v Lorenzen,* 208 AD2d 582).

Moreover, since 11 years have passed between the time of the alleged malpractice and the time that the plaintiff moved to restore the action to the trial calendar, the defendants would be prejudiced if the action was restored to the trial calendar (*see, Fico v Health Ins. Plan,* 248 AD2d 432, *supra; Swedish v Bourie,* 233 AD2d 495; *Carter v City of New York,* 231 AD2d 485). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.