■ JOAN RIVERS, Appellant, v FULLER BRUSH COMPANY, INC., et al., Respondents. [713 NYS2d 133] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 15, 1999, as denied her cross motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and to restore the action to the trial calendar, and (2) from an order of the same court, dated December 9, 1999, which denied her motion, denominated as one to renew and reargue, but which was, in fact, to reargue the denial of her prior cross motion.

Ordered that the appeal from the order dated December 9, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 15, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year thereafter is abandoned. The Supreme Court has the discretion to restore such a case to the trial calendar if the plaintiff establishes the merit of the action, a reasonable excuse for the delay in moving to restore, a lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (see, Kourtsounis v Chakrabarty, 254 AD2d 394; Swedish v Bourie, 233 AD2d 495). Here, the plaintiff's submission in support of her motion did not meet that burden.

Where, as here, the movant does not demonstrate a valid excuse for the failure to produce the purportedly new information, the motion is actually one for reargument, the denial of which is not appealable (*see, McGill v Polytechnic Univ.,* 235 AD2d 400, 402). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.