■ CRAIG CAWTHON, Appellant-Respondent, v EDA A. CAWTHON, Respondent-Appellant. [714 NYS2d 335] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated June 15, 1999, as granted that branch of the defendant's motion which was, in effect, to continue the child support and maintenance provisions of a pendente lite order of the same court, dated January 2, 1996, and the defendant cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was to restore the action to the trial calendar.

Ordered that the order is modified by deleting the provision thereof granting that branch of the defendant's motion which was, in effect, to continue the child support and maintenance provisions of the order dated January 2, 1996, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

CPLR 3403 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned. The court has the discretion to restore the case if the movant establishes the merit of her cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (*see, Kourtsounis v Chakrabarty,* 254 AD2d 394; *Swedish v Bourie,* 233 AD2d 495). The defendant did not make the requisite showing. Therefore, that branch of her motion which was to restore the action to the trial calendar was properly denied.

However, the court erred in continuing the pendente lite child support and maintenance provisions of an order dated January 2, 1996, and making the enforcement of arrears accrued thereunder retroactive to that date. Because the matter was marked off the trial calendar on November 19, 1996, it

was automatically dismissed as abandoned a year later (*see,* CPLR 3404), and the arrears therefore ceased to accrue after November 18, 1997 (*see, Mona v Mona,* 134 AD2d 414; *Fonfa v Fonfa,* 54 AD2d 569). Nonetheless, the defendant is entitled to a judgment for the arrears accrued under the pendente lite order prior to the dismissal (*see; King v King,* 230 AD2d 775; *Walis v Walis,* 192 AD2d 598; *Patricia Lynn N. v Vincent Michael N.,* 152 AD2d 547). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing, if necessary, to determine the unpaid amounts due and owing to the defendant, and for entry of an appropriate judgment. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.