■ ASTORIA CHEMISTS, Respondent, v TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Appellant. [718 NYS2d 616] —In an action for a judgment declaring, *inter alia,* that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Cora v Mbanaso,* pending in the Supreme Court, Queens County, under Index No. 9330/97, the defendant appeals from (1) an order of the Supreme Court, Queens County (Thomas, J.), dated February 4, 2000, which denied its motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated July 13, 2000, which denied its motion, in effect, to reargue.

Ordered that the appeal from the order dated July 13, 2000, is dismissed; and it is further,

Ordered that the order dated February 4, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the Supreme Court that the defendant had a duty to disclaim as soon as reasonably possible on the basis of the automobile exclusion contained in its commercial general liability policy (*see,* Insurance Law § 3420 [d]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Dependible Janitorial Servs. v Transcontinental Ins. Co.,* 212 AD2d 946). We also find that there is an issue of fact as to whether the defendant disclaimed as soon as reasonably possible (*see generally, Osterreicher v Home Mut. Ins. Co.,* 272 AD2d 926; *Murphy v Hanover Ins. Co.,* 239 AD2d 323).

There is no valid excuse for the defendant's failure to submit, at the time of its first motion, all of the material submitted in its subsequent motion. That subsequent motion was therefore, in effect, one for reargument, and the order denying that motion is not appealable (*see, Rivers v Fuller Brush Co.,* 275 AD2d 449). The appeal from that order is therefore dismissed. Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.