■ BUILDERS APARTMENT CORP. CONDOMINIUM, Appellant, v JACK GINGOLD, Defendant and Third-Party Plaintiff-Respondent. JOYCE CONTRACTING, INC., Third-Party Defendant-Respondent. [831 NYS2d 448]—

In an action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 23, 2006, as denied its motion for leave to renew its prior motion to restore the action to the trial calendar, which was determined in a prior order of the same court (LeVine, J.), dated October 14, 2004.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

A case stricken from the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in

seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Levine v Agus*, 28 AD3d 719 [2006]; *Williams v D'Angelo*, 24 AD3d 538 [2005]; *St. Claire v Gaskin*, 295 AD2d 336 [2002]). The facts proffered by the plaintiff in support of its motion for leave to renew were insufficient to warrant a change in the prior determination of the Supreme Court, which found that the plaintiff failed to demonstrate a reasonable excuse for the delay in seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see Collins v New York City Health & Hosps. Corp.*, 266 AD2d 178 [1999]; *Kourtsounis v Chakrabarty*, 254 AD2d 394 [1998]; *Swedish v Bourie*, 233 AD2d 495, 496 [1996]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.