# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**911**

**CA 12-00059**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
NICHOLAS GIANGUALANO, MARY ANN ALLAN,
RICHARD S. ALLAN, GARY L. ALLAN, KENNETH N.
ALLAN, JEFFREY R. ALLAN AND ELIZABETH E.
CHAIRES, PETITIONERS-RESPONDENTS,

     AND         MEMORANDUM AND ORDER

JAY B. BIRNBAUM AND ILENE L. FLAUM, AS
CO-TRUSTEES OF TRUST "B" UNDER THE LAST WILL
AND TESTAMENT OF BERNARD B. BIRNBAUM, DECEASED,
RESPONDENTS-APPELLANTS.

---

BOND, SCHOENECK & KING, PLLC, ROCHESTER (KARL S. ESSLER OF COUNSEL),
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO, AND JOSEPH S. MATTINA,
WILLIAMSVILLE, FOR RESPONDENTS-APPELLANTS.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FREID AND KLAWON, WILLIAMSVILLE, AND ATTEA & ATTEA, NORTH BOSTON, FOR
PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 29, 2011 in a proceeding pursuant to CPLR article 75. The order, inter alia, granted the motion of petitioners to restore the case to Supreme Court's calendar.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding to compel arbitration pursuant to CPLR article 75, respondents appeal from an order that, inter alia, granted petitioners' motion to restore the case to Supreme Court's calendar. Respondents contend that the court erred in granting the motion because this proceeding, which was commenced in 1993, had been abandoned by petitioners pursuant to CPLR 3404. We reject that contention. CPLR 3404 provides that "[a] case in the supreme court . . . marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned" (*Collins v Elbadawi*, 265 AD2d 850, 851). A case cannot be dismissed as "abandoned" under CPLR 3404, however, unless a note of issue has been filed (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198, *lv dismissed* 96 NY2d 937), and here it is undisputed that a note of issue has not been filed. In any event, the case was never marked "off" or struck from the calendar, nor was it

unanswered on a clerk's calendar call.

We further reject respondents' contention that the court erred in granting the motion because petitioners failed to establish sufficient grounds for restoring the abandoned proceeding to the calendar. Inasmuch as the proceeding was not abandoned, petitioners were not required to move to restore the proceeding and thus were not required to establish grounds for restoring the case to the calendar (*see generally Collins*, 265 AD2d at 851).

Respondents contend that the court should have dismissed this proceeding due to the pendency of a similar proceeding in Surrogate's Court and that the court, by failing to dismiss the proceeding, opened the door to the granting of improper relief. Those contentions are not properly before us because respondents did not move for dismissal on the ground that another proceeding was pending in Surrogate's Court (*see* CPLR 3211 [a] [4]; 3211 [e]), and there is no indication that petitioners have asked for the relief to which respondents claim petitioners are not entitled (*see Murad v Russo*, 74 AD3d 1823, 1824, *lv dismissed* 16 NY3d 732).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court