Martone v Huang (2023 NY Slip Op 02871)

Martone v Huang

2023 NY Slip Op 02871

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-06318
2021-01677
 (Index No. 8970/12)

[*1]Michael Martone, etc., appellant, 
v
David Huang, etc., respondent, et al., defendants.

Reingold & Tucker, Brooklyn, NY (Jordan W. Tucker of counsel), for appellant.
Keller, O'Reilly & Watson, P.C., Woodbury, NY (Patrick J. Engle of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 29, 2020, and (2) an order of the same court dated February 17, 2021. The order dated May 29, 2020, denied the plaintiff's motion, inter alia, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar. The order dated February 17, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue his motion, inter alia, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
ORDERED that the appeal from the order dated February 17, 2021, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 29, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant David Huang.
In March 2012, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice in connection with care rendered to Maria Martone (hereinafter the decedent), who died in June 2010 allegedly due to medications prescribed by the defendant David Huang. At a final pretrial conference, the plaintiff's counsel advised the Supreme Court that he was
"having difficulties with" the plaintiff. According to counsel, the plaintiff refused his attorneys' suggestion that he resign as administrator of the decedent's estate, and the plaintiff moved to Florida without informing his attorneys. The action was struck from the calendar on April 26, 2018, and automatically dismissed on April 26, 2019, pursuant to CPLR 3404.
In September 2019, the plaintiff moved, inter alia, to vacate the dismissal of the action and to restore the action to the trial calendar. The Supreme Court denied the motion, and the plaintiff appeals.
"A plaintiff seeking to vacate a dismissal of an action and to restore the action to the [*2]trial calendar more than one year after it has been marked off, and after it has been dismissed pursuant to CPLR 3404, must demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants" (Hagler v Southampton Hosp., 164 AD3d 479, 480). "The plaintiff is required to satisfy all four components of the test before the dismissal can be vacated and the case restored" (id. at 480).
Here, the plaintiff failed to demonstrate that he had a potentially meritorious cause of action. Neither the attorney's affirmation nor the unsworn physician's affirmation submitted in support of the motion constituted evidence of a potentially meritorious cause of action, as neither affirmant had personal knowledge of the underlying facts of the medical malpractice cause of action (see Byner v Murray-Taylor, 208 AD3d 1214, 1216; cf. Public Adm'r v Levine, 142 AD3d 467, 469; Hogan v Schwartz, 119 AD3d 650, 652). Moreover, the efforts of the plaintiff's counsel to appoint a new administrator of the decedent's estate were insufficient to excuse the plaintiff's failure to restore the action to the trial calendar before it was automatically dismissed where counsel's efforts were delayed by the plaintiff's own attempts to abandon the action (see Hagler v Southampton Hosp., 164 AD3d at 480-481; Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401, 402). Finally, the plaintiff failed to demonstrate that the defendants would not be prejudiced if the action were to be restored to the trial calendar, given the nine-year delay between the date this action accrued and the date of the plaintiff's motion, inter alia, to vacate the dismissal of the action (see Hagler v Southampton Hosp., 164 AD3d at 481; U. Joon Sung v Feng Ue Jin, 127 AD3d 740, 741).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, inter alia, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court