■ JULIO PANCHON, Appellant, v BROOKLYN HOSPITAL et al.,

Respondents.

This action is premised on acts of alleged medical malpractice occurring in 1979. The action was adjourned 13 times in the Supreme Court after the filing of a note of issue. The case was then marked off the calendar at the request of the plaintiff's counsel. Because of the plaintiff's failure to timely move to restore the case to the calendar, the case was automatically dismissed pursuant to CPLR 3404 *(see, Merrill v Robinson,* 99 AD2d 578). Approximately 20 months after the case was marked off the calendar, the plaintiff moved to vacate the automatic dismissal.

The plaintiff's counsel has asserted that the case was marked off because his expert "simply vanished" when the case was to be tried. However, we note that his expert was also "suddenly" located when counsel was prompted to move to restore the action to the trial calendar. Moreover, no complaint is included in the appendix on appeal and the plaintiff's counsel does not specify the transaction and occurrences on which the plaintiff's claim is premised. There is some indication, however, that the assertions in the affidavit of the plaintiff's expert concerning the "probable injury" which may have occurred during the 1979 surgery are at variance with the pleadings. The defendant Hospital's expert, who examined the plaintiff several times, could find no objective evidence of any neurological cause for the plaintiff's "subjective" symptoms.

Inasmuch as the plaintiff's counsel has failed to demonstrate why no expert was available for two years, we agree with the Supreme Court that there is no excuse which justifies the delay in moving to restore the action to the trial calendar *(see, Bunyan v Goldwasser,* 131 AD2d 805; *Fluman v TSS Dept. Stores,* 100 AD2d 838). We also agree with the Supreme Court that the showing of merit was not sufficient to warrant vacating the dismissal *(see, Fluman v TSS Dept. Stores, supra; see also, Sortino v Fisher,* 20 AD2d 25; *cf., Sheehan v Hollywood,* 112 AD2d 211). Thus, we affirm the order denying the plaintiff's motion. Bracken, J. P., Harwood, Miller and O'Brien, JJ., concur.