■ ROSE MARIE CARTER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [647 NYS2d 28] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated July 5, 1995, which denied their motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the case to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

A motion to vacate the automatic dismissal of an action pursuant to CPLR 3404 and to restore the matter to the calendar is addressed to the sound discretion of the trial court (*see, Smith v City of New York,* 203 AD2d 553; *Krantz v Scholtz,* 201 AD2d 784; *Hatcher v Cassanova,* 180 AD2d 664). However, to restore a case to the calendar, a plaintiff must establish a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see, Pellegrino v St. Agnes Hosp.,* 216 AD2d 447; *Knight v City of New York,* 193 AD2d 720). All of the components of the test must be satisfied to vacate the automatic dismissal of the action (*see, Ornstein v Kentucky Fried Chicken,* 121 AD2d 610, 611; *see also, Prevete Bros. Co. v City of New York,* 211 AD2d 775; *Roberts v Town of Hempstead,* 206 AD2d 466).

Applying these principles to this case, it is clear that the court's denial of the plaintiffs' motion was not an improvident exercise of discretion. The conclusory statements of the

plaintiffs' counsel regarding his efforts to locate an expert who would cooperate with him failed to adequately explain the lengthy delay in this case (*see, Roland v Napolitano,* 209 AD2d 501; *Panchon v Brooklyn Hosp.,* 179 AD2d 742). Further, the affidavit of the plaintiffs' medical expert was insufficient to establish the meritorious nature of their cause of action (*see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Barton v Jablon,* 181 AD2d 755).

Finally, given that over 11 years elapsed since the alleged malpractice had occurred, it cannot be concluded "that [the] defendants would not be significantly prejudiced if this action were restored to the trial calendar" (*Elliot v Nyack Hosp.,* 204 AD2d 958, 959). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.