■ NORMA A. NICOLICH et al., Appellants, v ROBERTA M. FITZGERALD, Respondent. [687 NYS2d 418] —In an action to re-

cover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Carter, J.), dated April 9, 1998, which denied their motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is granted.

The action was removed from the trial calendar on mutual consent, *inter alia*, to allow the defendant to conduct a further physical examination of one of the plaintiffs. It appears that the defendant took no action to conduct the physical examination, and the case was subsequently dismissed pursuant to CPLR 3404 since the plaintiffs failed to restore the action within one year. These circumstances indicate that the litigation was not abandoned by the plaintiffs, and that CPLR 3404 was not applicable. Thus, the Supreme Court should have granted the plaintiffs' motion to restore the action to the trial calendar (*see, Denver v American Home Prods. Corp.,* 138 AD2d 670; *General Staple Co. v Amtronics, Inc.,* 81 AD2d 877). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.