■ ISRAEL SCHWARTZ et al., Respondents, v MANDELBAUM & GLUCK, Defendant, and P & M EXCLUSIVE, INC., Appellant. (And a Third-Party Action.) [698 NYS2d 252] —In an action to recover damages for personal injuries, etc., the defendant P & M Exclusive, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated February 18, 1999, as denied those branches of its motion which were to vacate an order of the same court dated November 2, 1998, granting the plaintiffs' application to restore the case to the calendar, or, in the alternative, for summary

judgment dismissing the causes of action based on Labor Law § 200 and common-law negligence.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was to vacate the order dated November 2, 1998, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action under Labor Law § 200 and common-law negligence and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed, with costs to the appellant.

The plaintiffs commenced this action against the appellant and another defendant as a result of injuries allegedly sustained by the plaintiff, Israel Schwartz, on December 30, 1991. The action was automatically dismissed for neglect to prosecute pursuant to CPLR 3404, one year after it was marked off the calendar on June 10, 1996. On October 27, 1998, the plaintiffs wrote a letter to the court requesting that the case be restored to the calendar. On November 2, 1998, the court issued an order restoring the case to the calendar. Upon learning of the plaintiffs' letter to the court, and the order dated November 2, 1998, the appellant moved either to vacate the order dated November 2, 1998, or for summary judgment dismissing the plaintiffs' causes of action under Labor Law § 200 and common-law negligence, and for sanctions against the plaintiffs' counsel.

The Supreme Court erred in failing to vacate the order dated November 2, 1998, restoring the case to the trial calendar. When an action has been stricken from the calendar and not restored within one year, a motion to vacate the automatic dismissal is required (*see, McPhail v F & B Assocs.,* 160 AD2d 398) and the moving party must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party (*see, Moses v Wilmaud Realty Corp.,* 262 AD2d 538; *Yacono v Waterman S. S. Co.,* 216 AD2d 556; *Kopilas v Peterson,* 206 AD2d 460; *Civello v Grossman,* 192 AD2d 636). " 'The moving party must satisfy all four components of the test before the dismissal can be properly vacated' " (*Morgano v Man-Dell Food Stores,* 259 AD2d 679, 680, quoting *Fico v Health Ins. Plan,* 248 AD2d 432, 433; *see also, Roland v Napolitano,* 209 AD2d 501). In this case, the plaintiffs have met none of these criteria.

Contrary to the plaintiffs' claim, a stipulation permitting the

plaintiffs to file a note of issue, signed by the defendant Mandelbaum & Gluck in July 1996, and by the appellant in October 1996, is an insufficient ground upon which to predicate restoration of the case to the calendar, especially since there was no other activity in the case from June 10, 1996, to October 27, 1998 (*see, Kopilas v Peterson,* 206 AD2d 460, *supra*). Accordingly, the plaintiffs have failed to rebut the presumption of abandonment which attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see, Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486).

Since the plaintiffs' action was dismissed pursuant to CPLR 3404, and was not restored to the calendar within one year, and the Statute of Limitations has now expired, the plaintiffs' claims are time-barred (*see, Lanni v Sekar,* 249 AD2d 515; *Pomerantz v Cave,* 10 AD2d 569; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:8, at 79). Therefore, that branch of the appellant's motion which was for summary judgment is denied as academic. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.