■ ANTHONY DALTO, Plaintiff, v 3660 PARK WANTAGH OWNERS, INC., Defendant and Third-Party Plaintiff, et al., Defendants. WESLEY D. FORD, Third-Party Defendant-Appellant;

JOHN MARTINO, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Actions.) [712 NYS2d 58] —In an action, *inter alia*, to recover damages for breach of contract, the third-party defendant Wesley D. Ford appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated April 8, 1999, as denied his motion, in effect, to vacate the automatic dismissal of his claims against the third-party defendant John Martino and to restore the case to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

By letter dated September 27, 1994, the former attorney for the third-party defendant-appellant, Wesley D. Ford, informed the court that the subject action had been settled except for claims against the third-party defendant-respondent, John Martino, and that the parties consented to have the case removed from the trial calendar. No action was taken to restore it to the trial calendar and, consequently, as of September 26, 1995, it was dismissed pursuant to CPLR 3404.

To vacate a dismissal pursuant to CPLR 3404, a litigant must show a reasonable excuse for the delay, a lack of prejudice to the adversary, a meritorious cause of action, and a lack of intent to abandon (*see, Aguilera v 366 Hewes St. Assocs.,* 265 AD2d 436; *Fico v Health Ins. Plan,* 248 AD2d 432). Under the circumstances of this case, the Supreme Court properly exercised its discretion in concluding that the appellant failed to offer a reasonable excuse for the 3½ year delay in seeking to resume prosecution of his claims against the respondent and failed to rebut the presumption of abandonment.

While we recognize the distinction between a case removed from the calendar on consent, as here, and one which is stricken from the calendar without consent, the circumstances of the consensual removal of a case from the trial calendar is only a factor for the court to consider when determining whether the case should be restored and is not, in and of itself, dispositive of the motion (*see, Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486, 487; *Nicolich v Fitzgerald,* 259 AD2d 741). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.