■ BERNARD L. BRAY, Appellant, v THOR STEEL AND WELDING LTD., Respondent and Third-Party Plaintiff. CHAMPION SAND AND GRAVEL, INC., Third-Party Defendant-Respondent. [713 NYS2d 400] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404. To prevail on the motion, plaintiff was required to demonstrate a meritorious cause of action, a reasonable excuse for his delay, his lack of intent to abandon the action and the absence of prejudice to defendant and third-party defendant if the action is restored to the trial calendar (*see, Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 503-504; *Krantz v Scholtz*, 201 AD2d 784, 785, *lv dismissed* 83 NY2d 902; *Knight v City of New York*, 193 AD2d 720, 721, *lv dismissed* 83 NY2d 800). All four elements must be established for the order of dismissal to be vacated (*see, Knight v City of New York, supra*, at 721; *Ornstein v Kentucky Fried Chicken*, 121 AD2d 610, 611), and plaintiff failed to establish three of them. The unsubstantiated assertions in the affirmation of plaintiff's attorney are insufficient to demonstrate either a meritorious cause of action (*see, Maida v Rite Aid Corp.*, 210 AD2d 589, 590-591; *Matter of Kharrubi v Board of Educ.*, 133 AD2d 457, 458) or the absence of prejudice to defendant and third-party defendant if the action is restored to the trial calendar (*see, Robinson v New York City Tr. Auth.*, 203 AD2d 351). Further, the intermittent periods of disability claimed by plaintiff's attorney do not constitute a reasonable excuse for the delay because there is "no

showing that [the] disability was continuous throughout the * * * period in question" (*Knight v City of New York, supra,* at 722; *see, Chery v Anthony,* 156 AD2d 414, 416-417). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Vacate Dismissal.) Present—Green, J. P., Pine, Hurlbutt and Kehoe, JJ.