■ MIKHAIL KALYUSKIN et al., Appellants, v GLORIA H. RUD-ISEL et al., Respondents. (And Another Action.) [760 NYS2d 358] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated January 22, 2002, as denied their motion to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A party seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must establish a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see Borrelli v Maye,* 293 AD2d 506 [2002]; *Basetti v Nour,* 287 AD2d 126, 130 [2001]; *Luzzi v Tobin,* 288 AD2d 193 [2001]; *Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486 [1991]). The only activity by the plaintiffs during the 2½-year period between the time that the action was marked "off" the calendar and the present motion to restore was a prior motion to restore that led to a stipulation obligating the plaintiffs to complete discovery before "the court may decide the motion to restore the case to the calendar." While this is a factor to be considered in determining whether the plaintiffs overcame the presumption of abandonment which attaches once the action was automatically dismissed (*see Schwartz v Mandelbaum & Gluck,* 266 AD2d 273 [1999]; *Escobar v Deepdale Gen. Hosp., supra* at 487; *Bergan v Home for Incurables,* 124 AD2d 517 [1986]), the plaintiffs failed to explain the delay in making the present motion to restore the case to the calendar. Furthermore, since over six years passed between the date of the accident and the date of the motion to restore, the defendants would be prejudiced if the action was restored to the trial calendar (*see Cruz v Volkswagen of Am.,* 277 AD2d 340 [2000]; *McCarthy v Bagner,* 271 AD2d 509, 510 [2000]; *Tate v Peninsula Hosp. Ctr.,* 255 AD2d 503 [1998]). Accordingly, the Supreme Court providently exercised its discretion in denying the motion to restore the action to the calendar. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.