■ GALINA KRICHMAR, Respondent, v QUEENS MEDICAL IMAGING, P.C., et al., Appellants, et al., Defendants. [810 NYS2d 488]—

In an action to recover damages for medical malpractice, the defendants Queens Medical Imaging, P.C., and Sheldon P. Feit appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 29, 2004, which granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

On June 18, 1996, Tsilya Yundelson, now deceased, commenced this medical malpractice action against several parties including Queens Medical Imaging, P.C. (hereinafter Queens Medical), and Dr. Sheldon P. Feit. Following Yundelson's death in December 1998 her daughter was appointed administratrix of her estate, and substituted as the plaintiff. A note of issue was filed in January 2001 and, about three months later, the action was discontinued against three of the originally-named defendants. On May 7, 2002, counsel for the plaintiff and the two remaining defendants, Queens Medical and Dr. Feit, appeared in court for jury selection. On that day, the attorneys entered into a verbal agreement to mark the case off the trial calendar with the understanding that the plaintiff would move to restore it in or around the fall of 2002. However, the plaintiff did not seek to restore the action until August 2004. By that point, the action had been automatically dismissed pursuant to CPLR 3404.

CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned (*see Sanchez v Denkberg*, 284 AD2d 446 [2001]). A plaintiff seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Williams v D'Angelo*, 24 AD3d 538 [2005]; *Magnone v Gemm Custom Brokers, Inc.*, 17 AD3d 412 [2005]; *Rodriguez v Rachelson*, 306 AD2d 457 [2003]; *Miller v Fein*, 269 AD2d 371 [2000]). The plaintiff must satisfy all four components of the test before the dismissal can be properly vacated, and the case restored (*see Castillo v City of New York*, 6 AD3d 568 [2004]; *Miller v Fein, supra*; *Morgano v Man-Dell Food Stores*, 259 AD2d 679 [1999]).

Although the fact that this action was removed from the trial calendar on consent with the understanding that the plaintiff would subsequently move to restore it provides some indication that the plaintiff did not intend to abandon it, the agreement alone is an insufficient basis upon which to predicate restoration (*see Dalto v 3660 Park Wantagh Owners*, 275 AD2d 296 [2000]; *Schwartz v Mandelbaum & Gluck*, 266 AD2d 273 [1999]; *Kopilas v Peterson*, 206 AD2d 460 [1994]). Notably, the agreement contemplated that the plaintiff would seek restoration some time in the fall of 2002, within a few months after the action was marked off the calendar on May 7, 2002. However, the plaintiff did not seek restoration until approximately 27 months later, and there is no evidence that any activity regarding the case took place from October 2002 to August 2004. Under these circumstances, the plaintiff failed to rebut the presumption of abandonment which attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see Schwartz v Mandelbaum & Gluck, supra; Kopilas v Peterson, supra*). In addition, the plaintiff failed to adequately explain the lengthy delay in seeking to resume prosecution of the action. Furthermore, since more than 10 years have passed between the date the alleged malpractice was committed and the date of the motion under review, the defendants would be prejudiced if the action was restored to the trial calendar (*see Costigan v Bleifeld*, 21 AD3d 871 [2005]; *Kalyuskin v Rudisel*, 306 AD2d 246 [2003]). Accordingly, the plaintiff's motion to vacate the dismissal and restore the action to the trial calendar should have been denied. Florio, J.P., Ritter, Krausman and Covello, JJ., concur.