■ M. PARISI & SON CONSTRUCTION CO., INC., Appellant, v LONG ISLAND OBS/GYN, P.C., et al., Respondents. [834 NYS2d 324]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered December 27, 2005, which denied its motion to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 418 [2006]; *Basetti v Nour*, 287 AD2d 126, 130-131 [2001]; *Schwartz v Mandelbaum & Gluck*, 266 AD2d 273, 274 [1999]).

Here, the plaintiff failed to satisfy all four components of the test. The plaintiff's excuse that it was searching for discovery documents requested by the defendants nearly five years before its motion did not adequately explain the delay (*see Swedish v Bourie*, 233 AD2d 495, 496 [1996]). Furthermore, by neglecting to provide any evidence of its activities since the dismissal of the action, the plaintiff failed to rebut the presumption of abandonment that attaches after a case is dismissed pursuant to CPLR 3404 (*see Krichmar v Queens Med. Imaging, P.C., supra*). Accordingly, the plaintiff's motion was properly denied.

The parties' remaining contentions are without merit. Miller, J.P., Ritter, Dillon and McCarthy, JJ., concur.