■ WALTER STRANCEWILKO, Respondent, v NEILS P. MARTIN, Appellant, et al., Defendants. [854 NYS2d 533]—

In an action to recover damages for personal injuries, the defendant Neils P. Martin appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated May 29, 2007, which granted the plaintiff's motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, to vacate the automatic dismissal of the action and to restore the action to the trial calendar is denied.

A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates the existence of a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see Williams v D'Angelo*, 24 AD3d 538 [2005]; *Sheridan v Mid-Island Hosp., Inc.*, 9 AD3d 490 [2004]; *Basetti v Nour*, 287 AD2d 126, 131 [2001]). Here, the plaintiff failed to demonstrate the existence of a meritorious cause of action. The only evidence in the record on the issue of liability was the plaintiff's affidavit, which stated that his motor vehicle was struck by the appellant's motor vehicle and that he believed that he has a "meritorious cause of action." Furthermore, the plaintiff failed to submit any medical evidence demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Sarot v Yusufov*, 301 AD2d 512, 513 [2003]; *Parillo v Blatt*, 160 AD2d 853 [1990]; *Condro v Jhaveri*, 154 AD2d 646 [1989]). Accordingly, the plaintiff's motion, in effect, to vacate the automatic dismissal of the action and to restore the action to the trial calendar should have been denied. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.