■ BRIAN BORNSTEIN, Respondent, v CLEARVIEW PROPERTIES, INC., et al., Appellants. [890 NYS2d 354]—

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.,* 39 AD3d 819, 820 [2007]; *Krichmar v Queens Med. Imaging, P.C.,* 26 AD3d 417, 419 [2006]; *Basetti v Nour,* 287 AD2d 126, 131 [2001]). The plaintiff is required to satisfy all four components of the test before the dismissal can be properly vacated and the case restored (*see M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/ Gyn, P.C.,* 39 AD3d at 820; *Krichmar v Queens Med. Imaging, P.C.,* 26 AD3d at 419).

Here, the plaintiff failed to meet this burden. The unsubstantiated excuse proffered by a former attorney in counsel's law firm regarding health issues in his family and his own depression was insufficient to excuse the more than three-year delay in moving to restore the action after the plaintiff's prior motion to restore was denied, as there was no showing that these problems persisted throughout the period in question (*see Bray v Thor Steel & Welding,* 275 AD2d 912, 912-913 [2000]; *Knight v City of New York,* 193 AD2d 720 [1993]). Further, in light of the plaintiff's inactivity regarding the action during the delay in moving to restore the action to the calendar, the plaintiff failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see Krichmar v Queens Med. Imaging, P.C.,* 26 AD3d at 419; *Furniture Vil. v*

*Schoenberger,* 283 AD2d 607 [2001]; *Cruz v Volkswagen of Am.,* 277 AD2d 340, 341 [2000]). Moreover, since more than nine years have passed between the time of the acts complained of and the date of the motion under review, the defendants would be prejudiced if the action was restored to the trial calendar (*see Krichmar v Queens Med. Imaging, P.C.,* 26 AD3d at 419; *Costigan v Bleifeld,* 21 AD3d 871 [2005]; *Kalyuskin v Rudisel,* 306 AD2d 246, 247 [2003]). Accordingly, the plaintiff's renewed motion to vacate the dismissal of the action and to restore the action to the trial calendar should have been denied. Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.