■ Hristos Leinas, Appellant, v Long Island Jewish Medical Center, Respondent. [898 NYS2d 500]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered January 27, 2009, which denied his motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

This case was first marked off the trial calendar on June 18, 2001, because the plaintiff's counsel of record was engaged in another trial. After the first restoration to the trial calendar, the case was marked off again on January 5, 2004, due to the medical condition of the plaintiff's expert witness. After the second restoration, the case was marked off on June 11, 2007, because of a conflict between the plaintiff's trial attorney and

the plaintiff's expert witness. On March 26, 2008, the plaintiff moved a third time to restore the action to the trial calendar, but was not ready to proceed because his trial attorney was unable to obtain another expert witness; that motion ultimately was withdrawn. Pursuant to CPLR 3404, the action was dismissed on June 11, 2008. On August 22, 2008, the plaintiff moved a fourth time, inter alia, to restore the action to the trial calendar. In the order appealed from, the Supreme Court denied the motion.

A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates the existence of a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Strancewilko v Martin*, 50 AD3d 671 [2008]; *Williams v D'Angelo*, 24 AD3d 538 [2005]; *Basetti v Nour*, 287 AD2d 126, 131 [2001]). Here, the plaintiff failed to demonstrate a reasonable excuse for his 14-month delay in obtaining either a new expert witness or a new trial attorney (*see Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 504 [1998]; *Carter v City of New York*, 231 AD2d 485, 486 [1996]; *Roland v Napolitano*, 209 AD2d 501 [1994]; *Panchon v Brooklyn Hosp.*, 179 AD2d 742, 743 [1992]). Under the circumstances of this case, the plaintiff failed to rebut the presumption of abandonment which attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]; *Kalyuskin v Rudisel*, 306 AD2d 246, 247 [2003]; *Tate v Peninsula Hosp. Ctr.*, 255 AD2d at 504). Furthermore, since more than 15 years have passed between the date the alleged malpractice was committed and the date of the motion under review, the defendant would be prejudiced if the action was restored to the trial calendar (*see Bornstein v Clearview Props., Inc.*, 68 AD3d 1033, 1035 [2009]; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419; *Costigan v Bleifeld*, 21 AD3d 871 [2005]). Santucci, J.P., Dickerson, Belen and Austin, JJ., concur.