■ KAZIMIWRZ KARWOWSKI, Appellant, v WONDER WORKS CONSTRUCTION, Defendant/Third-Party Plaintiff-Respondent, and CITY OF NEW YORK et al., Respondents. CIP RESTORATION, Third-Party Defendant-Respondent. [900 NYS2d 902]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated July 3, 2008, as amended by an order dated September 17, 2008, which denied that branch of his motion which was to vacate the dismissal of the action pursuant to CPLR 3404 and restore the action to the trial calendar.

Ordered that the order dated July 3, 2008, as amended, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff failed to demonstrate a reasonable excuse for his failure to move to restore until more than six years after the action had been marked off the trial calendar and dismissed pursuant to CPLR 3404 (*see Bornstein v Clearview Props., Inc.*, 68 AD3d 1033 [2009]). Further, in light of the lapse of 11 years between the date of the subject accident and the date of the motion under review, the defendant would be prejudiced if the ac-

tion were restored (*see Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905 [2010]; *Costigan v Bleifeld*, 21 AD3d 871, 871-872 [2005]; *Collins v New York City Health & Hosps. Corp.*, 266 AD2d 178 [1999]; *Carter v City of New York*, 231 AD2d 485 [1996]). Under these circumstances, the Supreme Court properly exercised its discretion in denying that branch of the plaintiffs' motion which was to vacate the dismissal of the action pursuant to CPLR 3404 and restore the action to the trial calendar (*see Cobos v Phieffer*, 8 AD3d 424 [2004]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur. **[Prior Case History: 20 Misc 3d 1115(A), 2008 NY Slip Op 51355(U).]**