■ Sjur Stephen Madsguard, Plaintiff, v City of New York, Defendant, and Board of Education of City of New York et al., Defendants/Third-Party Plaintiffs-Respondents. B.F.M. Contracting Corp., Third-Party Defendant-Appellant. [909 NYS2d 667]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated November 13, 2009, which denied its motion to restore the third-party action to the trial calendar.

Ordered that the order is affirmed, with costs.

A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the party seeking to restore the case establishes the following: (1) a meritorious cause of action or defense, (2) a reasonable excuse for the delay in prosecution of the claims or counterclaims asserted in the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the opposing party (*see Swanson v Eichler*, 68 AD3d 975, 975-976 [2009]; *Williams v D'Angelo*, 24 AD3d 538, 539 [2005]; *Neidereger v Hidden Park Apts.*, 306 AD2d 392 [2003]). Here, the third-party defendant failed to demonstrate that it satisfied any of the four components necessary to restore the third-party action, in which it asserted a counterclaim, to the trial calendar (*see Karwowski v Wonder Works Constr.*, 73 AD3d 1133 [2010]; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]; *Williams v D'Angelo*, 24 AD3d at 539). Accordingly, the motion was properly denied.

The respondents' remaining contention need not be addressed in light of our determination. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.