■ MONIQUE MOONEY, Appellant, v CITY OF NEW YORK et al., Respondents. [911 NYS2d 395]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so

much of an order of the Supreme Court, Queens County (Flug, J.), dated June 11, 2009, as denied her motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

A plaintiff seeking to restore an action to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Bornstein v Clearview Props., Inc.*, 68 AD3d 1033, 1034 [2009]; *Strancewilko v Martin*, 50 AD3d 671 [2008]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]).

Here, the plaintiff failed to satisfy the four components of this test. Although the plaintiff's attorney asked the attorneys for both defendants to stipulate to restore the action to the trial calendar, the correspondence between counsel demonstrates that the defendants' attorneys never agreed to so stipulate, and there is no indication that a proposed stipulation was ever sent to them. The record also reveals that even after the attorney for the defendant Covenant House advised the plaintiff's attorney of the need to move to restore the action to the trial calendar, the plaintiff's attorney waited an additional five months before moving to restore the action to the trial calendar. Under these circumstances, the plaintiff has failed to demonstrate a reasonable excuse for her 17-month delay in prosecuting the action (*see Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]; *Costigan v Bleifeld*, 21 AD3d 871 [2005]).

Furthermore, the only activity which took place in the case between July 2007, when the case was marked off the trial calendar, and January 2009, when the plaintiff moved to restore, was the service of medical record authorizations. This limited activity is insufficient to rebut the presumption of abandonment which attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419; *Castillo v City of New York*, 6 AD3d 568, 569 [2004]; *Kalyuskin v Rudisel*, 306 AD2d 246 [2003]).

The plaintiff also failed to demonstrate the existence of a potentially meritorious cause of action against either of the defendants. The plaintiff's contention that this Court's determination on a prior appeal constitutes law of the case as to the existence of a potentially meritorious cause of action is without

merit. This Court's prior determination that the defendants had failed to demonstrate their prima facie entitlement to summary judgment dismissing the plaintiff's cause of action to recover damages arising from negligence (*see Mooney v City of New York*, 27 AD3d 535 [2006]) does not constitute law of the case establishing that she has a potentially meritorious negligence claim (*see J.C. Tarr, Q.P.R.T. v Delsener*, 70 AD3d 774, 778 [2010]; *Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]; *Strouse v United Parcel Serv.*, 277 AD2d 993, 994 [2000]). Further, the conclusory allegations contained in the plaintiff's affidavit were insufficient to establish the existence of a potentially meritorious cause of action (*see Siculan v Koukos*, 74 AD3d 946 [2010]; *Brownfield v Ferris*, 49 AD3d 790, 791 [2008]; *Koehler v Sei Young Choi*, 49 AD3d 504, 505 [2008]; *Stewart v Tapps Supermarket*, 289 AD2d 561 [2001]).

Finally, since more than nine years passed between the time of the acts complained of and the motion under review, the defendants would be prejudiced if the action were restored to the trial calendar (*see Karwowski v Wonder Works Constr.*, 73 AD3d 1133 [2010]; *Bornstein v Clearview Props., Inc.*, 68 AD3d at 1035; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419; *Groudine v Delco Dev. Corp.*, 286 AD2d 416, 417 [2001]). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.