RICHARD VAREAM, Appellant, v CHRISTOPHER CORINES et al., Respondents, et al, Defendants. [911 NYS2d 424]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), entered September 30, 2009, which granted the separate motions of the defendants Christopher Corines, Marino Stepancic, New York Hospital Medical Center of Queens, and Rego Park Nursing Home, inter alia, for leave to enter judgment against the plaintiff dismissing the action and denied his cross motion to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs.

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants (*see Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Bornstein v Clearview Props., Inc.*, 68 AD3d 1033, 1034 [2009]; *Strancewilko v Martin*, 50 AD3d 671 [2008]). The plaintiff is required to satisfy all four components of the test before the dismissal can be vacated and the case restored (*see M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]).

Here, the plaintiff failed to meet this burden. The unsubstantiated and conclusory excuse proffered by the plaintiff's attorney regarding law office failure was insufficient to excuse the two-year-and-eight-month delay in obtaining an expert affirmation, or in moving to restore the action after it was automati-

cally dismissed pursuant to CPLR 3404 (*see Okun v Tanners*, 11 NY3d 762 [2008]; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d at 906; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419; *Dalto v 3660 Park Wantagh Owners*, 275 AD2d 296, 297 [2000]; *Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 504 [1998]). Furthermore, in light of the plaintiff's inactivity regarding the action during the more than 1½-year period between a prior attempt to restore the action to the calendar and his present cross motion to restore, the plaintiff failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see Bornstein v Clearview Props., Inc.*, 68 AD3d at 1034; *Shah v Carlton Gardens Hous. Co.*, 286 AD2d 432, 433 [2001]; *Furniture Vil. v Schoenberger*, 283 AD2d 607 [2001]). Moreover, since more than 11 years passed between the time the alleged malpractice occurred and the date of the plaintiff's cross motion under review, the respondents would be prejudiced if the action were restored to the trial calendar (*see Karwowski v Wonder Works Constr.*, 73 AD3d 1133 [2010]; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d at 906; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419).

For these reasons, the Supreme Court also properly granted the respondents' separate motions, inter alia, for leave to enter judgment against the plaintiff dismissing the action. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.