■ ELBA LaMARCA et al., Respondents, v SCOTTO BROTHERS WOODBURY RESTAURANT, INC., Doing Business as FOX HOLLOW, Appellant. [929 NYS2d 494]—

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon

the action, and a lack of prejudice to the defendants (*see Vaream v Corines*, 78 AD3d 933 [2010]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]; *Basetti v Nour*, 287 AD2d 126, 130-131 [2001]). The plaintiff is required to satisfy all four components of the test before the dismissal can be vacated and the case restored (*see Vaream v Corines*, 78 AD3d 933 [2010]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d at 820; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]).

Here, the plaintiffs failed to satisfy all four components of the test. The plaintiffs' conclusory and unsubstantiated claim that they did not have the funds to pay for the trial-related expenses prior to trial was insufficient to excuse the more than two-year delay in obtaining a new trial attorney and an expert witness (*see Vaream v Corines*, 78 AD3d at 933-934; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 504 [1998]; *Carter v City of New York*, 231 AD2d 485 [1996]). Furthermore, the only activity during the two-year period between the time the case was marked off and the defendant's motion to dismiss was former counsel's motion to withdraw. Under these circumstances, the plaintiffs failed to rebut the presumption of abandonment that attaches when a case has automatically been dismissed pursuant to CPLR 3404 (*see Okun v Tanners*, 11 NY3d 762, 763 [2008]; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d at 419; *Schwartz v Mandelbaum & Gluck*, 266 AD2d 273, 274 [1999]; *Dalto v 3660 Park Wantagh Owners*, 275 AD2d 296 [2000]). Accordingly, the plaintiffs' cross motion, in effect, to vacate the dismissal of the action and to restore the case to the trial calendar should have been denied, and the defendant's motion, in effect, for leave to enter judgment against the plaintiffs dismissing the action should have been granted (*see Vaream v Corines*, 78 AD3d at 934). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.