Hagler v Southampton Hosp. (2018 NY Slip Op 05579)





Hagler v Southampton Hosp.


2018 NY Slip Op 05579


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-06546
 (Index No. 12544/97)

[*1]Aaron S. Hagler, etc., et al., appellants,
v
Southampton Hospital, et al., respondents, et al., defendant.


Coiro, Wardi, Chinitz & Silverstein, Bronx, NY (Joseph T. Coiro and Michael A. Chinitz of counsel), for appellants.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza of counsel), for respondent Southampton Hospital.
Vardaro & Associates, LLP, Smithtown, NY (William D. Demaria of counsel), for respondents James G. Zolzer and William E. Shuell.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 16, 2016. The order, insofar as appealed from, denied the plaintiffs' motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff Aaron S. Hagler (hereinafter the injured plaintiff) allegedly was injured at the time of his birth in April 1995, as a result of the defendants' negligence. In 1997, the plaintiffs commenced an action against the defendants Southampton Hospital, James G. Zolzer, and Mark Garabedian, and a separate action against William E. Shuell, inter alia, to recover damages for medical malpractice. The two actions were consolidated by a so-ordered stipulation dated April 28, 1998. It is undisputed that on September 26, 2003, the action was marked off the trial calendar upon the plaintiffs' request so that the plaintiffs' counsel could amplify the bill of particulars based on the injured plaintiff's recent psychological evaluations. Later, the action was automatically dismissed pursuant to CPLR 3404. By notice of motion dated November 12, 2015, the plaintiffs moved to vacate the dismissal of the action and to restore the action to the trial calendar. The Supreme Court, inter alia, denied the plaintiffs' motion, and the plaintiffs appeal from that part of the order.
A plaintiff seeking to vacate a dismissal of an action and to restore the action to the trial calendar more than one year after it has been marked off, and after it has been dismissed pursuant to CPLR 3404, must demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants (see LaMarca v Scotto Bros. Woodbury Rest., Inc., 87 AD3d 984; [*2]Vaream v Corines, 78 AD3d 933; Basetti v Nour, 287 AD2d 126, 131). The plaintiff is required to satisfy all four components of the test before the dismissal can be vacated and the case restored (see LaMarca v Scotto Bros. Woodbury Rest., Inc., 87 AD3d at 985; Vaream v Corines, 78 AD3d 933).
Here, the plaintiffs failed to demonstrate a reasonable excuse for their more than 12-year delay in moving to restore the action to the trial calendar. The plaintiffs failed to adequately explain why it took more than 12 years from the time the action was marked off the trial calendar to ascertain the effects of the injuries that the injured plaintiff allegedly sustained at birth (cf. Sheehan v Hollywood, 112 AD2d 211, 212-213). Furthermore, in light of the plaintiffs' inactivity regarding the action during the more than 12-year period prior to moving to restore the action to the trial calendar, the plaintiffs failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (see Okun v Tanners, 11 NY3d 762, 763; Vaream v Corines, 78 AD3d at 934; Bornstein v Clearview Props., Inc., 68 AD3d 1033, 1034; Cruz v Volkswagen of Am., 277 AD2d 340, 341; Jeffs v Janessa, Inc., 226 AD2d 504). Moreover, the plaintiffs failed to demonstrate that the defendants would not be prejudiced if the case were to be restored to the trial calendar, given the 20-year and 7-month delay between the date this action accrued and the date of the plaintiffs' motion to restore (see U. Joon Sung v Feng Ue Jin, 127 AD3d 740, 741; Sierra R. v Jamaica Hosp. Med. Ctr., 101 AD3d 701, 703; Vidal v Ricciardi, 81 AD3d 635, 636; Costigan v Bleifeld, 21 AD3d 871, 872).
Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court