Clausell v Giambalvo (2019 NY Slip Op 00258)





Clausell v Giambalvo


2019 NY Slip Op 00258


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2013-09729
 (Index No. 30796/00)

[*1]Robert Valdes Clausell, etc., appellant, 
v
William Giambalvo, et al., respondents, et al., defendant.


Robert P. Santoriella, P.C., Brooklyn, NY (Thomas Torto of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Arjay G. Yao and Kevin G. Faley of counsel), for respondents William Giambalvo and Maria T. Daleo.
Zachary W. Carter, Corporation Counsel, New York, NY (Larry A. Sonnenshein and Ronald E. Sternberg of counsel), for respondent City of New York.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), entered August 1, 2013. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3404 to restore the case to the trial calendar and denied that branch of his separate motion which was for leave to renew a prior motion to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In October of 1999, Eloina Valdes Clausell was struck and killed by an automobile driven by the defendant William Giambalvo. Eloina's son, Robert Valdes Clausell (hereinafter the plaintiff), commenced this action in his capacity as administrator of her estate and in his individual capacity. On April 21, 2004, the case was stricken from the trial calendar pursuant to CPLR 3404 due to the plaintiff's failure to appear. The plaintiff subsequently moved to restore the case to the trial calendar. By order dated September 2, 2005, the Supreme Court denied the motion, without prejudice to renew. On February 2, 2006, the court denied the plaintiff's second motion to restore the case to the trial calendar, with leave to renew after the completion of all discovery. More than six years later, the plaintiff moved to compel discovery and, by order dated February 22, 2013, the court denied the motion. Thereafter, the plaintiff moved, inter alia, for leave to renew the prior motion to compel discovery, claiming there was "new information" that became available after he moved to compel discovery, and separately moved to restore the case to the trial calendar to complete discovery. In the order appealed from, the court denied both motions.
A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after the case has been dismissed pursuant to CPLR 3404, must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the [*2]action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980, 981; Bornstein v Clearview Props., Inc., 68 AD3d 1033, 1034). "The plaintiff is required to satisfy all four components of the test before the dismissal can be properly vacated and the case restored" (Bornstein v Clearview Props., Inc., 68 AD3d at 1034). Here, the plaintiff failed to meet this burden. The plaintiff failed to adequately explain the lengthy delay in seeking to resume prosecution of the action and failed to rebut the presumption of abandonment that attached after the automatic dismissal pursuant to CPLR 3404. Further, the defendants would be prejudiced if the action were restored to the trial calendar (see Sang Seok Na v Greyhound Lines, Inc, 88 AD3d at 981; M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C., 39 AD3d 819; Krichmar v Queens Med. Imaging, P.C., 26 AD3d 417, 419). Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 3404 to restore the case to the trial calendar.
We also agree with the Supreme Court's denial of that branch of the plaintiff's separate motion which was for leave to renew his prior motion to compel discovery. The plaintiff did not provide a reasonable justification for his failure to submit the proffered information in connection with the original motion (see Empire State Conglomerates v Mahbur, 105 AD3d 898, 899).
MASTRO, J.P., AUSTIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court