Bivens v Stearn (2019 NY Slip Op 03760)





Bivens v Stearn


2019 NY Slip Op 03760


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-00013
 (Index No. 4139/10)

[*1]Crystal Bivens, respondent, 
v
Mitchell Stearn, etc., et al., appellants.


Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated January 22, 2016. The order, insofar as appealed from, granted the plaintiff's motion to restore the case to the trial calendar and denied that branch of the defendants' motion which was to strike the plaintiff's second supplemental bill of particulars.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the plaintiff's motion to restore the case to the trial calendar is denied, and that branch of the defendants' motion which was to strike the plaintiff's second supplemental bill of particulars is denied as academic.
The plaintiff sought treatment from January 26, 2010, through January 30, 2010, from the defendant Mitchell Stearn, a dentist doing business as Sensocare Dental. On February 18, 2010, the plaintiff commenced this action to recover damages for dental malpractice and lack of informed consent against Stearn and Sensocare Dental Services, P.C. The case was marked off the trial calendar on May 5, 2014. There was no further activity on the case until August 2015, when the plaintiff moved to restore the case to the trial calendar. By that time, the action had been automatically dismissed pursuant to CPLR 3404. The plaintiff submitted, as an exhibit to her motion, a second supplemental bill of particulars. By order dated September 25, 2015, the Supreme Court, granted the plaintiff's motion on default.
Thereafter, the defendants moved to vacate the September 25, 2015, order, and thereupon to deny the plaintiff's motion to restore, and to strike the second supplemental bill of particulars. In an order dated January 22, 2016, the Supreme Court granted that branch of the defendants' motion which was to vacate the September 25, 2015, order and, upon, in effect, considering the plaintiff's papers in support of the motion and the defendants' papers in opposition, granted the plaintiff's motion to restore the case to the trial calendar, and denied that branch of the defendants' motion which was to strike the second supplemental bill of particulars.
The Supreme Court, upon vacating the September 25, 2015, order and considering the papers in support of the plaintiff's motion to restore the case to the trial calendar and the defendants' papers in opposition, improvidently exercised its discretion in granting the plaintiff's motion to restore the case to the trial calendar. A plaintiff seeking to restore a case to the trial [*2]calendar more than one year after it has been marked "off," and after the case has been dismissed pursuant to CPLR 3404, must demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Clausell v Giambalvo, 168 AD3d 810, 811; Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980, 981; Bornstein v Clearview Props., Inc., 68 AD3d 1033, 1034). "The plaintiff is required to satisfy all four components of the test before the dismissal can be properly vacated and the case restored" (Bornstein v Clearview Props., Inc., 68 AD3d at 1034). In an action to recover damages for dental malpractice, the plaintiff must submit an affidavit of merit from a dental expert (see McGuigan v Centereach Mgt. Group, Inc., 94 AD3d 955, 956), and the affidavit must state with specificity the expert's observations as to procedures or treatments performed and the alleged deviations from acceptable standards of dental care (see generally Yousian v New York Med. Ctr. Hosp. of Queens, 277 AD2d 449; Iazzetta v Vicenzi, 243 AD2d 540). In this case, the plaintiff failed to satisfy these requirements (see Fulton v Marathon Dental Servs., P.C., 100 AD3d 959; Elbaz v Lieb, 269 AD2d 489; Iazzetta v Vicenzi, 243 AD2d at 540).
Accordingly, the plaintiff's motion to restore the case to the trial calendar should have been denied.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court