Brito v MS/WG 1107 Broadway Owner, LLC (2025 NY Slip Op 00077)

Brito v MS/WG 1107 Broadway Owner, LLC

2025 NY Slip Op 00077

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-05518
 (Index No. 700816/22)

[*1]Jose Luis Brito, appellant, 
v
MS/WG 1107 Broadway Owner, LLC, et al., defendants third-party plaintiffs-respondents, JM3 Construction, LLC, defendant second third-party defendant-respondent, et al., defendant; SC Prime Energy, Ltd., third-party defendant/second third-party plaintiff-respondent.

Michelstein & Ashman, PLLC, New York, NY (Gil Winokur and Richard A. Ashman of counsel), for appellant.
Brody Law Group, PLLC, New York, NY (Magdalene P. Skountzos of counsel), for defendants third-party plaintiffs-respondents.
Gallo Vitucci Klar LLP, New York, NY (Nicholas Vevante and Sebastian Vollkommer of counsel), for defendant second third-party defendant-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for third-party defendant/second third-party plaintiff-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 10, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to restore the consolidated action to the active calendar.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In March 2015, the plaintiff allegedly was injured when he was struck by several large slabs of sheetrock while working at a construction site located at 1107 Broadway in Manhattan. In April 2016, the plaintiff commenced an action against, among others, the defendants MS/WG 1107 Broadway Owner, LLC, and T.G. Nickel & Associates, LLC (hereinafter together the MS/WG defendants), to recover damages for personal injuries (hereinafter the first action). Thereafter, the MS/WG defendants commenced a third-party action against SC Prime Energy, Ltd. (hereinafter Prime), for indemnification, and Prime commenced a second third-party action against JM3 Construction, LLC (hereinafter JM3). In March 2018, the plaintiff commenced a separate action alleging substantially similar causes of action against JM3 (hereinafter the second action).
In September 2018, the plaintiff filed a note of issue in the first action. In October [*2]2018, the MS/WG defendants moved, inter alia, to vacate the note of issue. To resolve the motion, the parties entered into a stipulation, which was so-ordered by the Supreme Court on November 20, 2018, and provided, among other things, that "[t]he note of issue is not stricken." Upon the plaintiff's motion, in an order entered May 21, 2019, the court consolidated the first action with the second action for all purposes.
On September 16, 2019, the Supreme Court issued an order striking the consolidated action from the court's calendar due to the plaintiff's failure to appear at a scheduled trial conference. In April 2022, the plaintiff moved, inter alia, to restore the consolidated action to the active calendar. In an order entered June 10, 2022, the court, among other things, denied that branch of the motion. The plaintiff appeals.
"A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked 'off,' and after the case has been dismissed pursuant to CPLR 3404, must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" (Clausell v Giambalvo, 168 AD3d 810, 811; see Carrero v Pena, 217 AD3d 915, 916). "All four components of the test must be satisfied before the dismissal can be properly vacated and the case restored" (Sierra R. v Jamaica Hosp. Med. Ctr., 101 AD3d 701, 702; see Hagler v Southampton Hosp., 164 AD3d 479, 480).
Here, the record establishes that the consolidated action was struck from the Supreme Court's calendar following the filing of a note of issue. Therefore, contrary to the plaintiff's contention, he was required to demonstrate a meritorious cause of action, a reasonable excuse for his delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants before the action could be restored to the court's calendar (see Clausell v Giambalvo, 168 AD3d at 811; Hagler v Southampton Hosp., 164 AD3d at 480).
"While public policy strongly favors the resolution of cases on the merits, a determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Melendez v Stack, 171 AD3d 726, 728 [citations omitted]). Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to demonstrate a reasonable excuse for his delay in prosecuting the consolidated action. Assuming without deciding that the plaintiff's explanation of law office failure constituted a reasonable excuse for his initial failure to appear at the trial conference scheduled for September 16, 2019, the plaintiff's explanations for his additional delay in moving to restore the consolidated action—which included delays caused by the COVID-19 pandemic and the plaintiff's counsel's minimal documented efforts to schedule depositions, to attempt to persuade opposing counsel to participate in mediation, and to arrange for the plaintiff's execution and return of medical authorizations—were insufficient to excuse the plaintiff's 31-month delay in moving to restore the consolidated action after it had been marked off the calendar (see Patriarca v Oreckinto, 185 AD3d 710, 711; Mooney v City of New York, 78 AD3d 795, 796). Moreover, since more than seven years elapsed between the date the action accrued and the date of the plaintiff's motion, inter alia, to restore the consolidated action to the active calendar, the defendants would be prejudiced if the consolidated action were restored to the active calendar (see Agli v O'Connor, 92 AD3d 815, 816; Gajek v Hampton Bays Volunteer Ambulance Corps., Inc., 77 AD3d 885, 886-887).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to restore the consolidated action to the active calendar (see Clausell v Giambalvo, 168 AD3d at 811; Hagler v Southampton Hosp., 164 AD3d at 480).
In light of the foregoing, the plaintiff's remaining contentions need not be reached.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court